IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-0456 |
| | ) JUDGE ECHOLS/KNOWLES |
| | ) |
| | ) JURY DEMAND |
| | ) |
| DAVID A. MILLER, in his individual | ) |
| capacity, and METROPOLITAN | ) |
| GOVERNMENT OF NASHVILLE | ) |
| AND DAVIDSON COUNTY, | ) |
| TENNESSEE, | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court upon "Plaintiff's Motion to Suppress Deposition," the body of which states in its entirety as follows:

> Now come Plaintiff [*sic*] and respectfully moves this Court to suppress the deposition taken of Plaintiff Robert Coleman as he did not waive signature and review and the deposition has never been submitted for his review pursuant to Rule 30(e) of the Federal Rules of Civil Procedure. The basis of this Motion is more fully developed in the accompanying Memorandum in Support.

Docket No. 41, p. 1.

The second page of Plaintiff's Motion is headed "Memorandum in Support," which states as follows:

> On January 7, 2010, the deposition of Plaintiff Robert Coleman was taken. Following the questioning, Mr. Coleman advised the court reporter that he did not waive signature and wished to review the transcript of the deposition. To date, the court reporter has never submitted the deposition for a review by Mr. Coleman.

> Rule 30(e)(2) of the Federal Rules of Civil Procedure requires the court reporter to certify whether a review was requested and if so attach any changes the deponent made. In the absence of this certification, the deposition should be suppressed.

Docket No. 41, p. 2.

Defendant Metropolitan Government has filed a Response in Opposition to the Motion (Docket No. 44), as well as the Declaration of the Court Reporter who took Plaintiff's deposition (Docket No. 45). The Declaration of the Court Reporter states in relevant part:

> 3. Plaintiff Robert Coleman did not waive signature of his deposition; however, his attorney stated at the conclusion of the deposition words to the effect that he would "need to figure out what to do about" Mr. Coleman reading and signing the deposition since he was blind.
>
> 4. Plaintiff did not order a copy of the transcript, nor did he contact me to set up a time to come to our offices to review the transcript.
>
> 5. It is my practice to allow parties that wish to read and sign a deposition but not order the transcript to come to my office to review the deposition. It is not my practice, nor the practice of any court reporters that I am aware of, to provide a copy to a party free of charge even if they do not waive signature.

Docket No. 45, p. 1.

Local Rule 7.01(a) provides in relevant part, "Every motion that may require the resolution of an issue of law, in either civil or criminal cases, when filed shall be accompanied by a Memorandum of Law citing supporting authorities and, where allegations of fact are relied upon, affidavits or depositions in support thereof." Plaintiff's supporting Memorandum offers no authority for the propositions that: (1) a deposition can be "suppressed"; or (2) the Court should suppress Plaintiff's deposition under the facts of the case at bar.

Plaintiff apparently attempts to fault the Court Reporter stating in part, "the court reporter

has never submitted the deposition for a review by Mr. Coleman." Docket No. 41, p. 2. Rule 30 of the Federal Rules of Civil Procedure, which is headed "Depositions by Oral Examination," does not require the Court Reporter to "submit" the deposition to Plaintiff. Rule 30(e) provides in relevant part as follows:

> (1) **Review; Statement of Changes.** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>> (A) to review the transcript or recording; and
>>
>> (B) if there are changes in form or substance to sign a statement listing the changes and the reasons for making them.
>
> (2) **Changes Indicated in the Officer's Certificate.** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Rule 30(f)(1) provides in relevant part:

> (1) **Certification and Delivery.** The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition.

It seems clear that Plaintiff did not take advantage of his right to have 30 days to review his deposition transcript. That 30-day period begins to run when Plaintiff is "notified by the officer that the transcript or recording is available . . . ." It is unclear whether the Court Reporter ever gave Plaintiff notice that the transcript or recording was available. At the same time, however, it appears that the Court Reporter was awaiting some word from Plaintiff's counsel, in view of his statement that he needed to figure out "what to do about" the reading and signing of the deposition. While Plaintiff did not order a copy of the transcript, the Court Reporter makes it

3

clear that she would have allowed Plaintiff to come to her office to review the deposition, but that it is not her practice to provide a copy of a deposition to a party free of charge if they do not waive signature.

While Rule 30(e) and (f) provide certain requirements for reviewing and making changes in depositions and for certificates by the Court Reporter, nothing in Rule 30 provides for the "suppression" of depositions.

Moreover, Plaintiff does not explain in what context he seeks to have his deposition suppressed. In this regard, the Court notes that Defendant Metro Government has filed a Motion for Summary Judgment (Docket No. 34), which is accompanied in part by excerpts from Plaintiff's deposition.[1]

Finally, it appears that Plaintiff had ample time to review the deposition transcript between January 7, 2010, and March 8, 2010 (when Metro Government's Motion for Summary Judgment was filed) or March 29, 2010 (when the instant Motion was filed).

For the foregoing reasons, Plaintiff's "Motion to Suppress Deposition" (Docket No. 41) is DENIED.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge

---

[1] Defendant Metro Government, however, argues that Plaintiff's deposition testimony is unnecessary for the disposition of its Summary Judgment Motion. Docket No. 44, p. 2.